# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:05-CR-208-PPS-PRC |
| GUSTAVO PEREZ, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Defendant Gustavo Perez seeks an adjustment of his sentence pursuant to 18 U.S.C. § 3582(c)(2) [DE 243]. The government has filed a response [DE 245]. For the reasons discussed below, the Court **DENIES** Perez's motion for a sentencing adjustment.

## BACKGROUND

On September 10, 2008, Perez pleaded guilty to possession with intent to distribute 500 grams or more of cocaine, a Schedule II Controlled Substance, and a quantity of marijuana, a Schedule I Controlled Substance, in violation of Title 21 U.S.C. Section 841(a)(1) [DE 218 & 226].

On November 11, 2005, the time the indictment indicates that Perez committed the offense [DE 37], the Controlled Substances Act required a 5-year mandatory minimum sentence for the distribution of 500 grams or more of powder cocaine. 21 U.S.C. § 841(b)(1)(B)(ii)(II) (2005). On December 16, 2008, the Court sentenced Perez to a total term of 70 months pursuant to the Sentencing Reform Act of 1984 [DE 226].

1

Perez argues that he is entitled to a reduction of his sentence on two bases: (i) the amendments to the Sentencing Guidelines that were implemented pursuant to the Fair Sentencing Act of 2010; and (ii) a downward departure based on "cultural assimilation" pursuant to U.S.S.G. § 2L1.2. Neither of these bases, however, provides a reason for me to modify Perez's sentence.

## DISCUSSION

Perez argues that the Court should retroactively apply the Fair Sentencing Act of 2010 ("FSA"), and reduce his sentence pursuant to § 3582(c)(2). Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

This request must be denied because the amendments pursuant to the FSA are inapplicable to the offense for which Perez was convicted, and are, in any event, not retroactive.

On August 3, 2010, the President signed into law the FSA, which amended 21 U.S.C. § 841(b)(1)(A)(iii). Pub. L. No. 111-220, 124 Stat. 2372, § 2(a) (August 3, 2010). The preamble of the FSA states it is "[a]n Act [t]o restore fairness to Federal cocaine sentencing." In large part, the FSA sought to achieve this end by raising the quantities of crack required to trigger various statutory mandatory minimum sentences for crack trafficking. For example, the FSA raised the amount of crack required to trigger a 10-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(iii) from 50 grams to 280 grams. Pub. L. No. 111-220, § 2.

Moreover, the FSA ordered the United States Sentencing Commission to "make such conforming amendments to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law," and to do so by November 1, 2010. *Id.* at § 8, 124 Stat. at 2374. The amendments took effect on November 1, 2010, significantly reducing the base offense levels for specific quantities of crack cocaine. *See U.S. v. Douglas*, --- F.3d ----, 2011 WL 2120163, at *2 (1st Cir. May 31, 2011) (citing Notice of a Temporary, Emergency Amendment to Sentencing Guidelines, 75 Fed. Reg. 66,188 (Oct. 27, 2010); U.S.S.G. supp. to app. C, amend. 748 (Supp.2010) (amending U.S.S.G. § 2D1.1(c)) (effective Nov. 1, 2010)).

But, as the government points out, the guideline amendments pursuant to the FSA do not alter the powder cocaine sentencing guidelines. Those amendments occurred only in the crack cocaine guidelines, which are not applicable to Perez's offense.

Moreover, the FSA does not apply retroactively, and Perez's offense occurred more than four years before the FSA and the corresponding amendments went into effect. *See U.S. v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010); *see also U.S. v. Knox*, No. 06-4101, 2011 WL 880823, at *2 (7th Cir. Mar. 4, 2011); *U.S. v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011). The FSA was signed into law in August 2010, well after the November 2005 date on which Perez committed his offense. The general federal savings statute, 1 U.S.C. § 109, operates to bar retroactive application of the FSA. *Bell*, 624 F.3d at 814. As the Seventh Circuit stated in *Bell*, "[s]ince the FSA does not contain so much as a hint that Congress intended it to apply retroactively, it cannot help [Perez] here." *Id.*

Perez's request for a reduction of his sentence based on U.S.S.G. § 2L1.2 also fails

because a departure based on cultural assimilation is not applicable to the non-immigration, narcotics violation for which Perez was convicted. Section 2L1.2 provides that there may be criminal immigration violations in which a downward departure may be appropriate in illegal re-entry cases on the grounds of "cultural assimilation." U.S.S.G. § 2L1.2, Application Note 8. But Perez was convicted of a narcotics offense, not an immigration violation; so Section 2L1.2 is inapplicable to his case.

## CONCLUSION

For the foregoing reasons, Perez's motion for a reduction of his sentence [DE 243] is **DENIED**.

**SO ORDERED.**

ENTERED: June 3, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
